UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

D.R. and E.F., on behalf of N.R.,

                              Plaintiffs,

                -v-

New York City Department of Education,

                              Defendant.

------------------------------------------------------------------------ X

**ANSWER**

08 CV 1995 (RJS)

        Defendant by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits, upon information and belief, that plaintiffs D.R. and E.F. are the parents of plaintiff N.R., and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff N.R.'s alleged diagnosis with autism.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' residence, and respectfully refers the Court to the statutory and regulatory authority cited and referred to therein for a complete and accurate statement of its contents.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits, upon information and belief, that plaintiffs D.R. and E.F. are the parents of plaintiff N.R., and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' residence.

        4.    Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

- 2 -

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Defendant is a local educational agency as defined by the IDEA, and respectfully refers the Court to the IDEA and Article 89 of the New York Education Law regarding the duties of the Defendant.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court and to set forth a basis for venue as alleged therein.

9. Denies the allegations set forth in paragraph "9" of the Complaint, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiffs initiated an administrative proceeding against the Defendant, and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of its contents.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that persons affiliated with Mayerson & Associates appeared for plaintiffs at times during the

proceedings in Case No. 59055, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs produced witnesses at the impartial hearing, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

14. Denies the allegations set forth in paragraph "14" of the Complaint and respectfully refers the Court to the Impartial Hearing Officer's "Findings of Fact and Decision" dated June 21, 2005 ("first IHO decision") for a complete and accurate statement of its contents.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that the Defendant appealed the IHO's decision dated June 21, 2005, to the New York State Office of State Review ("SRO"), and respectfully refers the Court to the SRO's decision dated September 7, 2005, for a complete and accurate statement of the issues considered on appeal.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that Defendant did not appeal from the SRO's decision dated June 15, 2007, and respectfully refers the Court to the decision of the SRO for a complete and accurate statement of its contents.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiffs initiated an administrative proceeding against the Defendant, and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of its contents.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that persons affiliated with Mayerson & Associates appeared for plaintiffs at times during hearings that occurred on June 11, 2006, October 20, 2006, and November 14, 2006, and

respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

19. Denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

20. Denies the allegations set forth in paragraph "20" of the Complaint and respectfully refers the Court to the Impartial Hearing Officer's "Findings of Fact and Decision" dated March 5, 2007 ("second IHO decision") for a complete and accurate statement of its contents.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiffs initiated an administrative proceeding against the New York City Department of Education, and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of its contents.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that persons affiliated with Mayerson & Associates appeared for plaintiffs at times during hearings that occurred on November 28, 2006, November 29, 2006, December 22, 2006, January 18, 2007, and February 6, 2007, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

23. Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

24. Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to the Impartial Hearing Officer's "Findings of Fact and Decision"

dated March 15, 2007 ("third IHO decision") for a complete and accurate statement of its contents.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiffs initiated an administrative proceeding against the Defendant, and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of its contents.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits that persons affiliated with Mayerson & Associates appeared for plaintiffs at times during hearing that occurred on October 15, 2007, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

27. Denies the allegations set forth in paragraph "27" of the Complaint, and respectfully refers the Court to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

28. Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the Impartial Hearing Officer's "Interim Order" dated November 7, 2007, for a complete and accurate statement of its contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that Defendant appealed the IHO's Interim Order dated November 7, 2007, to the SRO.

30. Denies the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the SRO's decision dated February 14, 2008, for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

32. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

33. At all times relevant to the acts alleged in the Complaint, the conduct of Defendant was lawful.

### THIRD AFFIRMATIVE DEFENSE:

34. Some or all of plaintiffs' claims may be barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE:

35. Plaintiffs have failed to provide documentation and information sufficient to support an award of reasonable attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE:

36. Plaintiffs lack standing to assert the claims alleged in the Complaint.

**WHEREFORE,** Defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 18, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendants
        100 Church Street, Room 2-306
        New York, New York 10007
        (212) 788-0957

By:   /S/Steven D. Weber
     Steven D. Weber
     Assistant Corporation Counsel

- 7 -

To:   Gary S. Mayerson, attorney for plaintiffs
      **BY ECF**